Alfred D. FISICHELLI, et al.,
Plaintiffs,

v.

TOWN OF METHUEN, et al.,
Defendants.

Civ. A. No. 85–3694–H.

United States District Court,
D. Massachusetts.

May 21, 1991.

---

Wilbur A. Hyatt, Hyatt & Hyatt, Lawrence, Mass., for plaintiffs.

Maurice J. Lariviere, Jr., Methuen, Mass., for Town of Methuen and Methuen Indus. Finance Authority.

Samuel Perkins and Kimberly M. Saillant, Morrison, Mahoney & Miller, Boston, Mass., for Town of Methuen.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

Plaintiffs Alfred Fisichelli and Salvatore Ambra seek monetary damages from Defendants the Town of Methuen, the Methuen Industrial Finance Authority, and certain individual members of the Town Council for violations which allegedly occurred when, in October, 1982, the Defendant Town Councillors voted to deny plaintiffs' application for an industrial revenue bond to build a shopping mall.

On February 23, 1987, United States District Court Judge Wolf granted, in part, the Defendants' Motion to Dismiss, *Fisichelli, et al. v. Town of Methuen, et al.*, 653 F.Supp. 1494 (D.Mass.1987), but the Court refused to dismiss plaintiffs' federal and state antitrust claims against the individual Town Councillors insofar as plaintiffs' complaint contained an allegation of conspiracy.[1] *Id.* at 1500–02. The alleged conspiracy, Judge Wolf reasoned, if proven, would render the state action exemption to the

federal antitrust laws inapplicable to this case. *Id.* at 1499. Defendants now move for summary judgment on these antitrust claims on the ground that the Supreme Court's recent decision in *Columbia v. Omni Outdoor Advertising, Inc.*, — U.S. ——, 111 S.Ct. 1344, 113 L.Ed.2d 382 (1991), definitively disavows the so-called "conspiracy exception" to the state action exemption doctrine. *See id.* at ——, 111 S.Ct. at 1351. After a review of the memoranda filed in this case, and after a hearing, this Court hereby grants defendants' motion.

▪▪▪ The Supreme Court clearly stated that the Sherman Act "condemns trade restraints, not political activity," *id.* at ——, 111 S.Ct. at 1353 (citation omitted), and, therefore, the Court held that "*any* action that qualifies as state action is '*ipso facto* ... exempt from the operation of the antitrust laws.'" *Id.* at ———, 111 S.Ct. at 1353. (emphasis in original). The Court squarely rejected "any interpretation of the Sherman Act that would allow plaintiffs to look behind the actions of state sovereigns to base their claims on 'perceived conspiracies to restrain trade.'" *Id.* Plaintiffs here challenge the official actions[2] of individual Town Councillors, claiming that these individuals "conspired" to use their office in pursuit of personal interests.[3] In wake of the Supreme Court's decision in *Columbia*, however, the official actions of these Town Councillors—regardless of the Councillors' particular motivations—are im-

---

1. Specifically, plaintiffs allege that Defendant Councillor Weagle instigated and orchestrated a conspiracy among Town Council members. Defendant Weagle allegedly contacted other Councillors, and the Councillors allegedly conspired to vote to deny plaintiffs' application for a revenue bond in order to restrict competition and to protect the financial interests of Weagle.

2. Contrary to plaintiffs' argument, the voting decision of each Town Councillor, which is the "action" challenged here, is an *official* action. Plaintiffs cannot recharacterize the Councillors' political decisions regarding a matter pending before the Town Council as "*private* action" merely by suing the Councillors in their *individual*, rather than their official, capacity. The concept of purely "private action," therefore, has no relevance to the facts of this case. More-

over, the Supreme Court fully recognized that "personal liability of [town] officials" was a "possible consequence" of a challenge to a political body's regulatory decisions, *see Columbia*, — U.S. ——, 111 S.Ct. 1344, 1352, because government bodies can only act through the individuals which comprise them. Were these individuals to be somehow excluded from the reach of the Court's decision in *Columbia*, every plaintiff would simply circumvent the holding of *Columbia* by suing the decisionmakers, individually, rather than the decisionmaking body.

3. By plaintiffs own admission, Defendant Weagle is the only defendant who may have had a pecuniary interest at stake; however, plaintiffs contend that the other Council members, had a "personal" interest in protecting Weagle.

**4**

mune from the federal antitrust laws.[4] If the vote by the Councillors is erroneous or improper, it should be challenged through the state administrative process or under the state corruption laws. *See id.* at ——, —— – ——, 111 S.Ct. at 1348, 1353. Federal judicial oversight of municipal action under the guise of promoting the federal policy against restraint of trade would tend to inhibit a vigorous participation in the political process that lies at the vital center of a robust democracy.

Defendants' Motion for Summary Judgment on Counts II and III is granted.

SO ORDERED.

---

**4.** Insofar as the Massachusetts Antitrust Act exempts "any activities which are exempt from any of the federal antitrust laws," Mass.Gen.L.

ch. 93, § 7, plaintiffs' state antitrust claims must fail as well.